## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 14-03478 MMM (Ex) | Date | June 4, 2014 |
| Title | Rodriguez v. Sugar Foods Corporation | | |

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court involves a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

In the present case, the pleadings do not appear to establish that the court has subject matter jurisdiction to hear the case. Specifically, the court notes the following deficiencies:

> \_\_\_\_\_ The pleadings do not adequately show that the court has federal question jurisdiction under 28 U.S.C. § 1331.
>
> X\_\_\_\_\_ The pleadings do not adequately show that the court has diversity jurisdiction under 28 U.S.C. § 1332. Specifically, the pleadings fail to show that:
>
> X\_\_\_\_\_ The amount in controversy exceeds the sum or value of $75,000 (28 U.S.C. § 1332(a)).
>
> \_\_\_\_\_ There is complete diversity of citizenship between the parties (28 U.S.C. § 1332(a)(1)-(4)). Specifically, the pleadings fail to show the citizenship of:
>
> \_\_\_\_\_ Plaintiff(s) _____
>
> \_\_\_\_\_ Defendant(s) _____
>
> \_\_\_\_\_ The amount in controversy exceeds the sum or value of $5,000,000 (28 U.S.C. § 1332(d)(2)).
>
> \_\_\_\_\_ There is minimal diversity between the parties (28 U.S.C. § 1332(d)(2)(A)-(C)).
>
> \_\_\_\_\_ The number of members of all proposed plaintiff classes is at least 100 (28 U.S.C. § 1332(d)(5)(B)).
>
> \_\_\_ Other: _____

Accordingly, the court orders **defendant** to show cause in writing on or before **June 11, 2014** why this action should not be **remanded** for lack of subject matter jurisdiction. If **defendant** responds to this order to show cause, **plaintiff** may file a reply on or before **June 18, 2014**.

Should **defendant** fail to respond to this order to show cause by **June 11, 2014**, the court will **remand the case to state court** forthwith.